FRUGE, Judge
Plaintiff seeks workmen’s compensation benefits for total and permanent disability. This appeal was taken by plaintiff from an adverse judgment rendered in favor of the defendants, the employer, General Oceans Corporation, and its issuer, Aetna Casualty and Surety Company.
The principle issue is whether plaintiff suffered any disability which can be connected with his employment by General Oceans Corporation.
Plaintiff is 58 years old with a history of bad health prior to his employment by General Oceans Corporation. He was employed by General Oceans Corporation as a “fuel man”. His duties consisted of keeping a number of machines supplied with fuel. These machines were located at various job sites and he was frequently required to travel between sites. Mr. Saucier alleged that he sustained an injury on January 31, 1969, when involved in an *782 automobile accident when traveling between sites. It was stipulated that the automobile accident did in fact occur. It is also stipulated that this occurrence was in the scope of his employment.
Plaintiff did not complain of any injury at the time of the accident. He never missed any time off from work because of any injury. The only testimony that he suffered an injury at the time of the accident was his own. He never said that he knew at the time of the accident that he was hurt. He did say he did not know he was hurt in the accident until he had the examination of January 2, 1970, a year later. He said he began to feel pain in his back about a week after the accident, but he thought that it was rheumatism. He did not go to a doctor; had no medical examination whatsoever until January 2, 1970, when he underwent an employment physical when applying for a job as a yardman or janitor at the Savoy Hospital. On that application he did not state that he had any back injury but held himself out as capable of performing hard labor. At this time he was x-rayed and the x-rays revealed that he had two permanent physical impairments, as well as a compression fracture of a lumbar vertebra and a lumbosacral sprain. The first was a congenital defect known as roto-scolosis or a lateral curvature of the spine. The second was. degenerative arthritis. The doctor who examined him testified that definitely the first existed before the accident and the second had probably existed before the accident. As to the third condition, that of the compression fracture, he could not testify as to when it occurred, but did say it could have occurred any time from six months to five years before. He could only testify that there was a possibility that the fracture occurred at the time of the automobile accident. But, indicated that due to the advancing age of the plaintiff, and the two other conditions, the fracture could have occurred in a number of ways, for example, merely walking or stepping over an object. The sprain was only a temporary condition and no evidence attributed it to the accident.
After the accident plaintiff did not make a report of the automobile accident nor report any injuries. He told no one that he was hurt. At the time he was working under the supervision of his son-in-law who was the foreman on the job as well as the person who got him the job. He did not tell his son-in-law he was hurt in that accident and gave as his only reason for this neglect the excuse that he was afraid that he would lose his job. Nevertheless he continued to work daily for the defendant until the company terminated its business because of bankruptcy, and at no time in the several months, subsequent to such termination, did he complain to the defendant of any injury resulting from the accident. From this it would be most difficult to conclude that plaintiff was in fact injured in the accident.
After the defendant went out of business, which was approximately three months after the accident, and plaintiff’s employment terminated he immediately went to work for the City of Mamou doing various types of maintenance work and worked as many days a week as his employer would permit him, and at no time did he lose any time because of sickness or any injury. There is no evidence that he complained to his supervisor of any injury in any accident, but, some evidence that he only wanted to do light work. In fact, he was called upon because of a shortage in labor to work on the garbage pickup truck but this was only for one day. There was testimony that he was not able to do this particular job because of his lack of weight and strength in handling the heavy containers. Other than this he was able to do the tasks assigned, which included many done by handling a shovel. In his own words the job was “dig ditches, clean ditches, pick up dirt on the street.”
*783 Mr. Saucier has a history of poor health. Some years before he was a carpenter but had to give that up. Through some local physician he managed to get on welfare. After a time on the welfare he was permitted to do part-time work at the Ma-mou sewerage plant to supplement the welfare. That plant was automatic and electrically operated and his task was merely to see that the machines stayed on and to rethrow the switches if they went off. There is no testimony that he actually performed any heavy labor at this time. However, plaintiff admits that during this period he actually refused to work with a shovel because of his poor health and weak body. Yet, after the alleged injury plaintiff did the same work he had refused to do prior to the accident. Dr. Savoy testified that plaintiff was totally disabled, but this was because of the existence of the three permanent conditions. He still could perform manual labor but with some discomfort. Further, without the other two conditions the fracture would not itself render him disabled, and he could have done (as he did anyway) regular tasks with only some minor discomfort. He also states that plaintiff could not have done heavy manual work even without the fracture. Of course, plaintiff cannot be penalized merely because he worked after the alleged injury, but it can hardly be denied that he has not manifested significant loss of ability to work particularly when he did in fact do harder work than he was performing or attempting to perform before. Not only was he doing harder work but was not satisfied when sometimes the City of Mamou could only furnish the men about three full days work a week. Plaintiff admits that the sole reason he applied for the job at the hospital was because he thought he would be permitted to work a full work week.
Plaintiff is bound to prove his case by a preponderance of the evidence. Fontenot v. Liberty Mutual Insurance Co., 230 So.2d 402 (La.App. 3 Cir. 1970). Plaintiff has not proved a causal relationship between his present condition and the accident. The trial court’s decision is completely supported by the evidence.
The judgment of the district court is affirmed at plaintiff-appellant’s cost.
Affirmed.